**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4163**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

MICHAEL JAMALL YORK, a/k/a Michael Kashim York,

                    Defendant – Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  James A. Beaty, Jr.,
Chief District Judge.  (1:07-cr-00176-JAB-1)

Submitted:  April 30, 2010              Decided:  May 25, 2010

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. David James, SMITH JAMES ROWLETT & COHEN, L.L.P., Greensboro,
North Carolina, for Appellant.  Anna Mills Wagoner, United
States Attorney, Lisa B. Boggs, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Jamall York appeals his sentence after pleading guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). On appeal, he contends that the district court erred in applying the sentencing guidelines, and his sentence is procedurally and substantively unreasonable, because the district court ordered that his sentence run consecutive to an undischarged term of state imprisonment without discussing or considering the policy statement and factors under 18 U.S.C. § 3553(a)(5) (2006); U.S. Sentencing Guidelines Manual § 5G1.3(c) (2007). We affirm.

We review a sentence imposed by the district court under a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. On appeal, we presume that a sentence within a properly calculated guideline range is reasonable. United States v. Allen, 491 F.3d 178, 192 (4th Cir. 2007).

In sentencing, the district court should first calculate the advisory guideline range and give the parties an opportunity to argue for whatever sentence they deem appropriate. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The district court should then consider the relevant 18 U.S.C. § 3553(a) (2006) factors to determine whether they support the sentence requested by either party. Id. When rendering a sentence, the district court must make and place on the record an individualized assessment based on the particular facts of the case. Carter, 564 F.3d at 328, 330.

In explaining the chosen sentence, the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority," but when the district court decides simply to apply the guidelines, "doing so will not necessarily require lengthy explanation." Rita v. United States, 551 U.S. 338, 356 (2007). Where a party "presents nonfrivolous reasons for imposing a different sentence, however, the judge will normally go further and explain why he has rejected those arguments." Id. at 357. While a district court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record, particularly when the district court imposes a sentence within a properly calculated

3

guideline range.  United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

The probation officer determined that York's guideline range was 92 to 115 months based on an offense level of twenty-three and criminal history category VI.  Because York had accumulated twenty-one criminal history points even though many of his convictions were not counted, and he had failed to ever obtain stable employment, the probation officer recommended a sentence at the high end of the guideline range to run consecutive to York's undischarged term of state imprisonment he was then serving for unrelated conduct.  The probation officer also noted an upward departure under USSG § 4A1.3(a)(1) may be warranted; the projected release date on his undischarged state sentence was August 3, 2010; and that under USSG § 5G1.3(c), the district court could order that his sentence run concurrent, partially concurrent, or consecutive to the state sentence to achieve a reasonable punishment for the instant offense.

At sentencing, York withdrew his only objection to the presentence report.  The district court adopted the guideline calculations and invited York to present "any other factors" he wanted to present.  York acknowledged he had an extensive criminal history and noted it was impacting not only the time he was then serving but also the instant charge by bringing his guideline range close to the statutory maximum of 120 months.

4

Counsel argued that a letter written by York demonstrated that he was "trying to make amends and direct himself to learning some new vocations and habits," and he requested that the district court consider the "lower end" of the guidelines "knowing full well he must serve the state court sentence and then he must start serving the federal court sentence."

The Government argued that there were grounds for an upward departure under USSG § 4A1.3(a)(1) because York began committing crimes at the age of seventeen and consistently continued to commit offenses; and even though he was not assessed criminal history points for many of his crimes, he had well above the number of points needed for a criminal history category VI. In lieu of departing upward, the Government requested that the district court sentence York at the highest end of his guideline range and run the sentence consecutive to his undischarged state sentence for an unrelated offense. After the Government spoke, the district court asked York if he had anything further, and he responded, "No, Your Honor. Again, the focus of the request to the Court is the same and hope the Court would look at any possibility of concurrent sentences."

The district court sentenced York at the lower end of his 92 to 115-month guideline range to 100 months in prison consecutive to his undischarged state prison term for unrelated conduct, explaining that this sentence was "sufficient, but not

5

greater than necessary, to meet the sentencing objectives of punishment and deterrence in this case." In arriving at this sentence, the court explained it had taken "the guidelines into account on an advisory basis"; had "taken into account the Government's position paper in this case to the extent the Defendant would be subject to an upward departure should the Court be inclined to do so given Defendant's extensive criminal history record"; and had taken "all matters into account, including reviewing the presentence report with respect to the Defendant's history and characteristics and as well as reviewing the Defendant's own letter where he expresses remorse."

On appeal, York argues that the district court erred in applying the sentencing guidelines, and that his sentence is procedurally and substantively unreasonable, because the district court did not explicitly consider or discuss the policy statement and accompanying factors set out in the commentary pursuant to 18 U.S.C. § 3553(a)(5); USSG § 5G1.3(c) when it ordered that his sentence run consecutive to his undischarged state sentence. Because York neither cited the policy statement in the district court nor argued that the district court should run the instant sentence concurrent to his undischarged state prison term based on the policy statement, we review his procedural sentencing claims for plain error. See United States v. Lynn, 592 F.3d 572 (4th Cir. 2010); United States v. Rouse,

6

362 F.3d 256 (4th Cir. 2004). As we explained in Lynn, a party is not required to lodge an explicit objection after the district court's explanation to preserve a claim that the court provided inadequate explanation for its sentence. Rather, "[b]y drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim." Lynn, 592 F.3d at 578. However, "lodging one specific claim of procedural sentencing error before the district court, e.g., relying on certain § 3553 factors, does not preserve for appeal a different claim of procedural sentencing error, e.g., relying on different § 3553 factors." Id. at 579 n.4. Since York did not cite the policy statement in the district court or argue that the instant sentence should run concurrent to his undischarged sentence based on the policy statement, he did not preserve his procedural sentencing claims.

Therefore, York must show that the district court's explanation in this case constituted plain error affecting his substantial rights. See United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). We conclude that York has not made this showing. We further conclude that York's sentence is not substantively unreasonable. Based on its consideration of all matters, including its review of the presentence report, York's

7

own letter expressing remorse, and the Government's argument that York's extensive criminal history warranted an upward departure, the district court granted York's request for a lower-end guideline sentence, rejected the Government's request for a high-end guideline sentence, but granted its request to impose the sentence consecutive to York's undischarged state sentence.  This decision was consistent with USSG § 5G1.3(c), as it resulted in a reasonable punishment for the instant offense.

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED